UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10571-GAO

DONALD P. RENKOWIC,
Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, et al.,
Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, the Court grants the plaintiff's motion for leave to proceed in forma pauperis and directs him to show cause why this action should not be dismissed.

## I. Background

On March 11, 2013, Donald P. Renkowic, who is in custody at the Suffolk County House of Correction, filed a complaint in which he alleges that the Social Security Administration ("SSA") failed to pay him Supplemental Security Income for periods when he was not confined in a prison or jail or when he was confined as a pretrial detainee. He brings this action against the SSA and Michael J. Astrue, the former Commissioner of Social Security.[1]

Renkowic brought the same claim in Renkowic v. Astrue, C.A. No. 11-30232-KPN (D. Mass.), which was dismissed on June 1, 2012 upon the defendants' motion because Renkowic had failed to exhaust his administrative remedies. The Court found that Renkowic had not yet requested an administrative hearing with the SSA in regards to the agency's March 26, 2012 denial of his motion for reconsideration. See id., electronic order dated June 1, 2012. According to a legal memorandum filed by the Commissioner of the SSA on April 4, 2012, the plaintiff had until May 30, 2012 to do so. See id., Def.'s Mem. at 2 (#11). The plaintiff did not appeal the

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. See http://www.ssa.gov/pressoffice/factsheets/colvin.htm (last visited April 4, 2013).

dismissal of his action.

In the present complaint, Renkowic does not reference his earlier case, although the complaints in each case are virtually identical.  Significantly, in the present action Renkowic does not make any allegations about efforts to exhaust his administrative remedies since the filing of his earlier case.

## II.     Discussion

### A.     Motion for Leave to Proceed In Forma Pauperis

Upon review of the plaintiff's motion, the Court finds that the plaintiff has made a sufficient showing that he is without income or assets to pay the filing fee.  Accordingly, the motion for leave to proceed in forma pauperis is GRANTED.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $2.13.  The remainder of the fee, $347.87, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

### B.     Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, a summons does not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening.  Both § 1915 and § 1915A authorize federal courts to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  A lawsuit may be frivolous where there is "no possible ground upon which a reasoned argument can be made to sustain [] jurisdiction."  Cohen v. Corrections Corp. of America, 439 Fed. Appx. 489, 492 (6th Cir. 2011) (alteration in original) (quoting De La Garza v. De La Garza, 91 Fed. Appx. 508, 508 (7th Cir. 2004)); see also Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir. 1999) ("The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for

whatever reason, clearly can't be maintained. That reason might be jurisdictional"); Humphries v. Various Federal USINS Employees, 164 F.3d 936, 941 (5th Cir. 1999) . Further, a court has an obligation to inquire sua sponte into its own jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, Renkowic's complaint is subject to dismissal as frivolous for lack of jurisdiction. The United States (including its various branches, departments, agencies, and officers acting in an official capacity) enjoys immunity from suit except in those instances in which it has expressly consented to be sued; absent such a waiver, the Court lacks jurisdiction over lawsuits against the United States. See FDIC v. Meyer, 510 U.S. 471, 475 (1994); Tapia-Tapia v. Potter, 322 F.3d 742, 745-46 (1st Cir. 2003). A waiver of sovereign immunity must be "unequivocally expressed" and will be strictly construed in favor of immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 95 (1990)).

The Social Security Act contains a very narrow waiver of sovereign immunity. See 42 U.S.C. §§ 405(g) and (h). Pursuant to § 405(g), an individual may seek judicial review of a "final decision" of the Commissioner of the Social Security Administration. See 42 U.S.C. § 405(g). Section 405(h) provides that § 405(g) is the sole avenue to judicial review under the Social Security Act. See 42 U.S.C. § 405(h) ("[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed . . . except as herein provided"). The Social Security Act itself does not define "final decision," and the Supreme Court has held that the term should be defined by the applicable regulations. See Sims v. Apfel, 530 U.S. 103, 106 (2000).

The regulations of the Social Security Administration provide an administrative process consisting of (1) an initial determination; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review of the administrative law judge's decision by an Appeals Council. See 20 C.F.R. § 416.1400(a)(1)-(4). The regulations also state: "When you have completed the steps of the administrative review process listed in

paragraphs (a)(1) through (a)(4) of this subsection, we will have made our final decision.  If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court."  20 C.F.R. § 416.1400(a)(5).

Renkowic's earlier lawsuit was dismissed for lack of jurisdiction because he had only completed the first two steps of the administrative process.  Nothing in the present complaint suggests that he since exhausted his administrative remedies; as noted above, the complaints in the two actions are virtually identical.  Thus, the same jurisdictional barrier that existed in his earlier lawsuit still bars this action.[2]  Because Renkowic has already been informed that the Court does not have jurisdiction over his claim unless he has exhausted his administration of remedies, the present action is frivolous if he filed it without completing the administrative process.  His complaint is silent on this significant point, and the Court will not allow the complaint to be served unless Renkowic makes a showing that jurisdictional requirements are met.

Accordingly, if the plaintiff wishes to purse this action, he must show cause why this action should not be dismissed as frivolous for lack of jurisdiction.

### III.   Conclusion

Accordingly:

(1)   The motion (#7) for leave to proceed in forma pauperis is GRANTED.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $2.13.  The remainder of the fee, $347.87, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk

---

[2]Because of the principal of res judicata, Renkowic cannot argue that the dismissal fo his earlier action for lack of jurisdiction was improper.  See Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir. 2005) ("Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." (quoting Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996))); see also Underwriters Nat'l Assur. Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n, 455 U.S. 691, 706 (1982) ("This Court has long recognized that '[t]he principles of res judicata apply to questions of jurisdiction as well as to other issues.'" (alteration in original) (quoting American Sur. Co. v. Baldwin, 287 U.S. 156, 166 (1932))).

shall provide a copy of this order to the treasurer of the institution which has custody of the plaintiff.

(2)     If the plaintiff wishes to purse this action, he must show cause within forty-two (42) days of the date of this order why this action should not be dismissed as frivolous for lack of jurisdiction.  Specifically, he must state whether has had a hearing before an administrative law judge and whether the Appeals Council reviewed the administrative law judge's decision.

SO ORDERED.

  4/16/13                                                                /s/ George A. O'Toole, Jr.                        
DATE                                                                       GEORGE A. O'TOOLE, JR.
                                                                                     UNITED STATES DISTRICT JUDGE